UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 25-CR-64

JOSE ANGEL HERNANDEZ-PINEDA,

    Defendant.

---

## MOTION TO SUPPRESS AND
## REQUEST FOR EVIDENTIARY HEARING

---

The defendant, by attorney Tom Phillip, hereby moves the Court to suppress all evidence found as a result of a warrantless entry to his residence in Green Bay, Wisconsin, on or about March 7, 2024. Hernandez-Pineda moves to suppress the entry into the residence, any evidence found or observed on the entry to the residence, and any evidence arising as fruits of the entry. Hernandez-Pineda will argue that any consent to search was not valid because it was based on law enforcement's objectively false reasons for the search, and also that any search exceeded the scope of any consent. Hernandez-Pineda requests an evidentiary hearing.

As grounds, counsel submits the following:

1.    Hernandez-Pineda is charged in an indictment with three counts involving controlled substances and a firearm. Docket No. 1.

2. The search giving rise to the case took place on or about March 7, 2024. Hernandez-Pineda was originally charged in Brown County Circuit Court with the same offenses. His retained counsel in state court did nothing other than postpone the case several times. Eventually, after a year passed with no activity in the state court case, the government charged Hernandez-Pineda by complaint on March 18, 2025, and by indictment on April 1, 2025. Docket Nos. 1, 7.

3. On March 20, 2025, Hernandez-Pineda appeared on the federal criminal complaint and was ordered detained. Docket Nos. 3, 5. The detention order was continued at the arraignment. Docket No. 8. Hernandez-Pineda is housed at the Brown County jail.

4. The Court granted Hernandez-Pineda's motion for an extension of time to file motions and to remove the case from the trial calendar. Docket Nos. 11, 12. Motions are now due May 9, 2025. *Id*. The Court also scheduled a counsel-only telephone status conference for May 21, 2024.

5. In short factual summary, on March 7, 2024, law enforcement was investigating Hernandez-Pineda regarding the sale of controlled substances. Law enforcement followed him to different locations in Green Bay, ending up at an apartment complex. Law enforcement officers and Hernandez-Pineda spoke in the parking lot of the apartment complex, using both English and Spanish. A

report provided in discovery states "[t]o conceal the nature of the investigation, [law enforcement] did not disclose that the reason for the consensual encounter was due to drug related activity observed that day." Indeed, body camera footage produced in discovery proves that to be so. Specifically, law enforcement at the scene lied to Hernandez-Pineda, telling him that they needed to quickly search his car and apartment for Elijah Vue, a missing three-year-old child. Hernandez-Pineda exhibited confusion, both regarding language problems and why he would be a suspect regarding a missing child. Law enforcement eventually had a Spanish-speaking officer talk to Hernandez-Pineda by cell phone. Some portions of the Spanish conversation can be heard on the body camera footage, but some cannot, either because of ambient noise or because the body camera wearer was too far away from the conversation.

      At no time during the conversation did law enforcement mention the true reason for their interest in Hernandez-Pineda. Rather, the entire conversation revolved around the false reason of quickly needing to search for the missing three-year-old. Hernandez-Pineda eventually allowed law enforcement to enter the apartment on that basis. Hernandez-Pineda opened the outer and inner doors to the apartment, and he and law enforcement officers entered. Body camera footage shows law enforcement immediately searching through the apartment in

places where a missing three-year-old could not be found, such as dresser drawers and shoe boxes. Approximately 10 minutes later, after law enforcement is already searching the apartment, Hernandez-Pineda signs a consent to search form. The review and signing of that form is not captured on any body camera footage. Law enforcement find approximately 2.5 kilograms of cocaine, a firearm, ammunition and magazines during the search.

6. Consent searches are valid only if the consent was freely and voluntarily given. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). The question of whether consent was voluntary, as opposed to the product of duress or coercion, is a question of fact to be determined by the totality of the circumstances. *Id.* at 227. The government bears the burden of proving voluntariness by a preponderance of the evidence. *Id.* at 222. "Courts have regularly held that coercion is implicit when officers falsely present a need for urgent action." *Pagan-Gonzalez v. Moreno*, 919 F.3d 582 (1st Cir. 2019)(discussing cases regarding consent and deception); *see also United States v. Montes-Reyes*, 547 F.Supp. 2d 281 (S.D.N.Y. 2008)(finding lack of consent where officers falsely stated they sought entry to a hotel room to search for a missing girl but planned to search for drugs).

7. Pursuant to Criminal Local Rule 12(c), counsel for the parties met and discussed the legal issues surrounding the motion to suppress. The

government agrees that an evidentiary hearing is necessary to resolve the motion. The principal legal issues are whether the defendant's consent was valid, or, if consent is valid, whether officers exceeded the scope of that consent. The parties anticipate that up to four witnesses may be called and that the evidentiary hearing would take approximately two hours. The parties are also working to submit (jointly or otherwise) relevant body camera footage and Spanish translation materials that could aid the Court in determining the motion.

8. Pursuant to Criminal Local Rule 12(b)(4), counsel does not now submit a supporting memorandum of law but requests the ability to file a memorandum after the hearing.

THEREFORE, on the above grounds, counsel for Hernandez-Pineda respectfully requests the Court schedule an evidentiary hearing and suppress the evidence seized by law enforcement and all fruits thereof.

Dated at Green Bay, Wisconsin, this 9th day of May, 2025.

Respectfully submitted,
**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Attorney for Jose Angel Hernandez-Pineda
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301-4401
Tel: 920-430-9900
tom_phillip@fd.org

N:\Cases-Open\G-H\Hernandez-Pineda, Jose Angel - 25-048\Pre-trial\Motion to Suppress FINAL.docx